UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DONALD R. WARD,**

       **Plaintiff,**                     **CIVIL ACTION NO. 12-cv-14297**

   **vs.**                               **DISTRICT JUDGE DENISE PAGE HOOD**

                                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

**T. HALL**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Donald Ward, currently a prisoner at the Terre Haute United States Prison in Terre Haute, Indiana, has filed this action under 42 U.S.C. § 1983 against T. Hall, a counselor at the Federal Corrections Institution in Milan, Michigan. (*See* Docket no. 1.) Pending before the Court are Plaintiff's Motion for a Temporary Restraining Order (docket no. 10) and Motion to Amend his Pleadings (docket no. 11.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 8.) The Court now issues this Report and Recommendation.

**I. Recommendation**

For the reasons that follow, the Court recommends denying Plaintiff's Motion for a Temporary Restraining Order (docket no. 10) and Plaintiff's Motion to Amend (docket no. 11), and dismissing this case in its entirety under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**II. Report**

On September 27, 2012, Plaintiff filed three Complaints: *Ward v. Doe*, No. 12-14296 (assigned to Judge Paul D. Borman); *Ward v. Samuel*, No. 12-14298 (assigned to Judge John Corbett

O'Meara); and this action *Ward v. Hall*, No. 12-14297 (assigned to Judge Denise Page Hood).  All three of Plaintiff's Complaints are essentially identical.  (*See* docket no. 1 in each matter).  And importantly, each Complaint references three individuals: Charles Samuel, Jr., the Director of the Federal Bureau of Prisons; T. Hall, a prison counselor; and a John Doe medical worker.  (*See, e.g.*, docket no. 1.)  Additionally, in each case, Plaintiff filed the same Motion to Amend, wherein he wishes to amend the name of the health-care worker from John Doe to Baldhead Fortune.  (*See, e.g.*, docket no. 11.)  He also filed the same Motion for a Temporary Restraining Order in all three cases.

On November 13, 2012, Judge Borman dismissed Plaintiff's Complaint without prejudice for failure to submit proper filing fees or complete an application to proceed *in forma pauperis*.  *Ward v. Doe*, No. 12-14296, docket no. 7.  Plaintiff then filed the proper *in forma pauperis* applications in the remaining two cases, both of which were granted.  (*See, e.g.*, docket no. 12.)

On January 23, 2013, Judge O'Meara "construe[d Plaintiff's] complaint liberally to name T. Hall as well." *Ward v. Samuel*, No. 12-14298, docket no. 10 at 3.  Additionally, Judge O'Meara granted Plaintiff's Motion to Amend his complaint by adding Baldhead Fortune as a defendant, and he denied Plaintiff's Motion for a Temporary Restraining Order as moot. *Id.* at 7.  In addressing the substance of Plaintiff's Complaint, Judge O'Meara analyzed Plaintiff's Complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), and "summarily dismissed [it] as frivolous and for a failure to state a claim for which relief may be granted." *Id.* at 3, 7.

With respect to Defendant T. Hall, Judge O'Meara found that "Plaintiff's conclusory allegation falls short of stating an Eighth Amendment claim for deliberate indifference to serious

2

medical needs. And because Plaintiff is no longer confined at FCI-Milan where defendants Hall and Fortune are employed, his requests for declaratory and injunctive relief are now moot." *Id.* at 5-6. He further found that "Plaintiff claims to have a right to privacy in his medical records, but prisoners have no constitutional right to nondisclosure of private information. *See Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994). Thus, Plaintiff is not entitled to relief on his due process claim."

Because Judge O'Meara construed Plaintiff's Complaint as including T. Hall as a defendant, the deficiencies in Plaintiff's pleadings with respect to Defendant Hall have been sufficiently analyzed and determined. *See id.* Therefore, the Court recommends dismissing this matter in its entirety for the same reasons articulated by Judge O'Meara in his January 13, 2013 Order. With regard to Plaintiff's Motion to Amend, the Court recommends denying the Motion (docket no. 11) because Plaintiff has already filed a separate Complaint against the John Doe, a/k/a/ Baldhead Forture, which has been dismissed without prejudice. And with regard to Plaintiff's Motion for a Temporary Restraining Order, the Court recommends denying the Motion (docket no. 10) as moot.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May_6, 2013              s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Marquetta Tarver on this date.

Dated: May 6, 2013              s/ Lisa C. Bartlett
                                Case Manager