

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD R. WARD,

      Plaintiff,                    Civil Action No. 12-14297
v.                                    HONORABLE DENISE PAGE HOOD

T. HALL,

      Defendant.

_____/

## ORDER REGARDING MOTION IN OPPOSITION TO REPORT AND RECOMMENDATION
### and
## FINDING THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

This matter is before the Court on Plaintiff Donald R. Ward's filing entitled "Motion in Opposition to Report and Recommendation" processed from FCC-Terre Haute, Indiana on August 12, 2013 and filed with the Clerk's Office on August 15, 2013. (Doc. No. 20) On July 31, 2013, the Court entered a Judgment and Order adopting the Magistrate Judge's Report and Recommendation dismissing Plaintiff's Compliant.

A party must file specific written objections to a Report and Recommendation within 14 days after being served a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The R&R was filed on May 6, 2013, with the Proof of Service indicating a "Marquetta Tarver" was served with the R&R. Plaintiff in this case was

later served with another copy of the R&R on June 18, 2013. This Court issued its Order adopting the R&R on July 31, 2013. Plaintiff's "Motion in Opposition to Report and Recommendation" was processed by the prison on August 12, 2013 and filed with the Court on August 15, 2013. Plaintiff indicates in his papers that he received a copy of a letter from the Court on July 30, 2013, which was forwarded from another prison.

It appears that Plaintiff was not served with the R&R at his proper name and address when the R&R was first issued on May 6, 2013. However, another copy of the R&R was sent to Plaintiff on June 18, 2013 at an Oklahoma City, Oklahoma address, which is the address on the Court's docket, as noticed by Plaintiff on October 22, 2012. (Doc. No. 5, Notice of Change of Address) The docket does not indicate that the R&R was returned to the Court. Based on his latest filings with the Court, it appears Plaintiff has since transferred to Terre Haute, Indiana. However, Plaintiff has not submitted any new Notice of Change of Address to the Clerk's Office as required by E.D. Mich. LR 11.2, which Plaintiff previously so filed.

In his papers, Plaintiff admits that a related case was dismissed by Judge Paul D. Borman. He asserts that the issue in this case is that the dismissal in Judge Borman's case was because he never received the Order to Correct any deficiency issued by Magistrate Judge R. Steven Whalen because as the docket indicates, "Mail

2

Returned as Undeliverable." (Motion, p. 1) Plaintiff claims it is the Court's responsibility to ascertain an inmate's current location. As noted above, the Court's Local Rule provides that it is the party's responsibility to provide the Clerk's Office with the appropriate contact information. The Local Rule provides that "failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. LR 11.2. Based on the Court's Local Rule, it is the party's responsibility to submit current contact information, not the Court's. Dismissals resulting from any delay of mailings to incorrect addresses from the Court or any undeliverable mail are not grounds to set aside a dismissal issued by the Court.

Even if the Court were to consider Plaintiff's reasons in his "opposition" as a motion for reconsideration, the Court denies the motion. A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, courts have refused to excuse *pro se* litigants from failing to

3

follow basic procedural requirements such as filing deadlines. Nor do the courts grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988). The Court finds that Plaintiff's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Plaintiff has not shown the Court erred in its ruling.

Accordingly,

IT IS ORDERED that Plaintiff's "Motion in Opposition to Report and Recommendation" **(Doc. No. 20)** is DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States,* 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

_____
DENISE PAGE HOOD
United States District Judge

DATED: MAR 26 2014

4